158 P.2d 850

**STATE v. ROMERO.**

No. 4858.

Supreme Court of New Mexico.

Oct. 27, 1944.

Harry L. Bigbee, Asst. Atty. Gen., and George E. Remley, Sp. Atty. for Division of Liquor Control, Bureau of Revenue, of Santa Fe, for appellant.

R. Cunningham and Charles B. Barker, both of Santa Fe, for appellee.

MABRY, Justice.

Appellee, Romero, held a retail liquor license from the State Board of Liquor Control for the fiscal year ending June 30, 1944. Upon a hearing before the Chief of Division of Liquor Control (hereinafter referred to as the "Chief"), on a charge of serving alcoholic liquors to a minor, the Chief issued an order revoking appellee's license. Appellee filed his petition for and had review of such action in the District Court of Santa Fe County, and the District Court, upon hearing, held adversely to the ruling of the Chief and the State appeals. After the appeal was taken appellee filed a motion to dismiss upon the ground that the question raised by the appeal has now become moot; and this comes on upon the motion.

Appellee thinks the question has become moot because, as he says, "subsequent to the decision of the District Court, the Chief set aside his order revoking Appellee's license." Appellant says this statement is incorrect since the Chief did only what was by statute required of him. The order in question reads:

"Upon request of Eustaquio Romero d/b/a 'Lensic Tavern' to reinstate Dispenser's License No. 1821 and the Chief of the Division of Liquor Control having full knowledge of the decision of the District Court on the same matter revises his order and hereby sets aside the Order previously given suspending Dispenser's License No. 1821 of Eustaquio Romero d/b/a 'Lensic Tavern.'"

"This Order to be in full force and effect pending an Appeal by the State of New Mexico from the decision of the District Judge, holding the previous Order by the Director was not supported by substantial evidence."

"It is further ordered if the Supreme Court sustains the action taken by the Chief of the Division of Liquor Control this Order shall then be of no force and effect and the previous Order revoking defendant's license shall from that time be in full force and effect."

"Done at Santa Fe, New Mexico, this 16th day of May, 1944."

1941 Comp.Laws, Sec. 61-605, provides:

"No appeal shall have the effect of suspending the operation of the order of suspension or revocation, but the chief of Division may, for good cause shown, and upon such terms and conditions as he may find are just, in his discretion, suspend the operation of such order of suspension or revocation pending such appeal."

Appellant argues that by carefully considering all of 1941 Comp., Sec. 61-605, it might be seen that the portion of the statute above quoted probably refers only to appeals to the District Court from Orders of the Chief, and does not pertain to an appeal by the Chief of Division from a decision of the District Court. The words "No appeal" undoubtedly refer to an appeal to the District Court, he says, and that in this instance there was an appeal to the District Court, which Court set

aside the Order of the Chief of Division. The above Order, given by the Chief of Division, had no effect except to clarify the right of appellee to continue to engage in business until the determination of this appeal on its merits by the Supreme Court, appellant correctly concludes.

Section 61-516 provides:

"Any New Mexico wholesaler * * * retailer, club or dispenser licensee in good standing at the expiration of any license year (June 30), *shall be entitled* to a new annual state license for the succeeding license year * * *." (emphasis ours).

Appellant further argues that if the above interpretation is not correct, and the paragraph quoted from refers also to appeals to the Supreme Court then, of course, the Order given by the Chief of Division is given under the express statutory authority above quoted.

But, be that as it may, obviously, when the District Court set aside the Order of the Chief, the license of appellee then, automatically became effective during the pendency of this appeal; that is to say, the appellee was entitled to a renewal license, to continue in business, under the provisions of Section 61-516 of the N.M. 1941 Compilation, subject to the subsequent setting aside of the District Court judgment by this court. Since the District Court had held that the Chief acted upon no substantial evidence, and since that is the question which is raised on this appeal, the Chief had no alternative but to issue a renewal license under the provisions of

Section 61-516 of the N.M.1941 Compilation.

Had the license which was so issued to appellee (that of July 1, 1944, which is the license relied upon as making the issue here moot) carried some explanation, or limitation, showing that it was a license issued in due course and to continue during the pendency of this appeal, and to become void if, and when, the judgment of the District Court should be reversed, there could be no question of the force and effect intended, and to be given such renewal license. However, in this connection we are met with another provision of the statute equally controlling, which would deny a license to defendant within two years, if the action of the Chief in so revoking his license be finally sustained. This is found in 1941 Comp., Sec. 61-606 and reads:

"If any liquor license of any licensee shall be revoked under the provisions of this act, no liquor license, under the provisions of this act, shall be granted such licensee within two (2) years of the date of such revocation."

Clearly, then, the license of July 1, 1944, must be construed as a conditional permit, or license, to continue in business pending the appeal. The statute would not permit Appellee to operate within two years thereafter if his license be finally revoked.

The question is not moot and the motion to dismiss the appeal should be, and is, denied.

And it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.